# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
TOZZI, MORAN, and KRAUSS
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Private E2 ERIC T. RYANT**
**United States Army, Appellant**

ARMY 20120204

Headquarters, 82d Airborne Division
Reynold P. Masterton, Military Judge
Colonel Lorianne M. Campanella, Staff Judge Advocate

For Appellant: Colonel Kevin Boyle, JA; Lieutenant Colonel Peter Kageleiry, Jr., JA; Major Vincent T. Shuler, JA; Captain Aaron R. Inkenbrandt, JA (on brief).

For Appellee: Colonel John P. Carrell, JA; Lieutenant Colonel James L Varley, JA; Major Robert A. Rodrigues, JA; Captain Carl L. Moore, JA (on brief).

30 July 2014

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of assault consummated by a battery, housebreaking, and breaking restriction, in violation of Articles 128, 130, and 134, Uniform Code of Military Justice, 10 U.S.C. 928, 930, 934 (2006) [hereinafter UCMJ]. The military judge convicted appellant, contrary to his pleas, of attempted rape, indecent act, assault consummated by a battery, and assault with intent to commit rape, in violation of Articles 80, 120, 128, and 134, UCMJ. The military judge sentenced appellant to a dishonorable discharge, confinement for ten years, total forfeitures, and reduction to the grade of E-1. The convening authority approved confinement for seven years and eleven months and otherwise approved the sentence. The convening authority also credited appellant with 203 days confinement credit against the sentence to confinement.

This case is before us for review under Article 66, UCMJ. Appellant's sole assignment of error warrants discussion and relief. In particular, appellant argues that the military judge abused his discretion by denying appellant's motion to

dismiss on the grounds of an unreasonable multiplication of charges. The government concedes this issue. We agree and grant relief in our decretal paragraph.* Appellant's personal submissions pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982) do not warrant relief.

Appellant was charged, *inter alia*, with the following violations of the UCMJ:

CHARGE I: VIOLATION OF THE UCMJ, ARTICLE 80

THE SPECIFICATION: In that [appellant], U.S. Army, did, at or near Camp Roberts, Kandahar Airfield, Afghanistan, on or about 22 August 2011, attempt to cause [PFC EV] to engage in a sexual act, to wit: penetrating her vulva with his penis, by forcibly leaping on top of her, straddling her legs with his knees, grabbing both of her wrists with his hand, and pulling down her pants.

CHARGE II: VIOLATION OF THE UCMJ, ARTICLE 128

THE SPECIFICATION: In that [appellant], U.S. Army, did, at or near Camp Roberts, Kandahar Airfield, Afghanistan, on or about 22 August 2011, unlawfully strike [PFC EV] in the face with his hand, unlawfully cover her face and mouth with his hand, and unlawfully grab her wrists with his hands and shove her backwards.

ADDITIONAL CHARGE II: VIOLATION OF THE UCMJ, ARTICLE 120

THE SPECIFICATION: In that [appellant], U.S. Army, did, at or near Camp Roberts, Kandahar Airfield, Afghanistan, on or about 22 August 2011, wrongfully commit indecent conduct, to wit: intentionally pulling down on the pants of [PFC EV] without the consent of [PFC EV].

---

* We note that appellant's pleaded guilty by exceptions and substitutions to housebreaking under Article 130, UCMJ. In particular, he was charged with housebreaking with the intent to commit assault and rape of a female soldier sleeping therein. Appellant pleaded guilty, except for the words "assault and rape" and substituted the words "an indecent act in the presence." However, the military judge found appellant guilty of the housebreaking as charged. As a remedy, we will amend and affirm the specification in accordance with appellant's provident pleas of guilty.

ADDITIONAL CHARGE III: VIOLATION OF THE UCMJ, ARTICLE 128

SPECIFICATION 1: In that [appellant], U.S. Army, did, at or near Camp Roberts, Kandahar Airfield, Afghanistan, on or about 22 August 2011, unlawfully pull down the pants worn by [PFC EV] with his hand.

ADDITIONAL CHARGE V: VIOLATION OF THE UCMJ, ARTICLE 134

SPECIFICATION 1: In that [appellant], U.S. Army, did, at or near Camp Roberts, Kandahar Airfield, Afghanistan, on or about 22 August 2011, with the intent to commit rape, commit an assault upon [PFC EV] by unlawfully striking [PFC EV] in the face with his hand, unlawfully covering her face and mouth with his hand, and unlawfully grabbing her wrists with his hands and shoving her backwards, that action being prejudicial to good order and discipline in the armed forces.

Appellant moved to dismiss these and other offenses on multiplicity and unreasonable multiplication of charges grounds. The government responded by noting that they charged appellant on alternative theories of liability. The military judge ultimately denied appellant's motion, found appellant guilty of the above specifications, and agreed to treat them as a single offense for the purpose of sentencing.

"What is substantially one transaction should not be made the basis for an unreasonable multiplication of charges against one person." Rule for Courts-Martial 307(c)(4). We consider five factors to determine whether charges have been unreasonably multiplied:

(1) Did the accused object at trial that there was an unreasonable multiplication of charges and/or specifications?;

(2) Is each charge and specification aimed at distinctly separate criminal acts?;

(3) Does the number of charges and specifications misrepresent or exaggerate the appellant's criminality?;

(4) Does the number of charges and specifications [unreasonably] increase [the] appellant's punitive exposure?;

(5)  Is there any evidence of prosecutorial overreaching or abuse in the drafting of the charges?

*United States v. Quiroz*, 55 M.J. 334, 338 (C.A.A.F. 2001) (internal citation and quotation marks omitted) (internal alteration reflects the holding in *Quiroz* that "unreasonably" will be utilized instead of "unfairly").  Here, the *Quiroz* factors on balance weigh in favor of appellant.  It is clear that appellant attempted to rape the victim, PFC EV.  It is also clear that the other specifications at issue were charged as alternative theories of liability to account for exigencies of proof.  When a fact finder "return[s] guilty findings for [multiple] specifications and it was agreed that these specifications were charged for exigencies of proof, it [is] incumbent either to consolidate or dismiss a specification."  *United States v. Elespuru*, __ M.J. ___, slip op. at 10 (C.A.A.F. July 15, 2014) (quoting *United States v. Mayberry*, 72 M.J. 467, 467-68 (C.A.A.F. 2013) (summ. disp.) (internal quotation marks omitted).

Although we dismiss several findings of guilty, this action does not affect the sentence.  The factors announced in *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013), all weigh in favor of reassessing and affirming the sentence.  First, the penalty landscape has not changed.  Although some specifications described appellant's misconduct differently, the res gestae of appellant's criminal conduct has not changed and is admissible aggravation evidence.  A military judge sentenced appellant, and we are sufficiently familiar with the remaining offenses to reassess.  Most importantly, the military judge treated the offenses at issue as one for sentencing purposes.

## CONCLUSION

On consideration of the entire record, the matters submitted pursuant to *Grostefon*, and the assigned error, the findings of guilty of Charge II and its Specification, Additional Charge II and its Specification, Specification 1 of Additional Charge III, and Specification 1 of Additional Charge V are set aside.  Those charges and specifications are dismissed.  The Specification of Charge III is amended as follows:

> In that [appellant], U.S. Army, did, at or near Camp Roberts, Kandahar Airfield, Afghanistan, on or about 22 August 2011, unlawfully enter tent G-1, a female transient tent, the property of the Government of the United Kingdom, with intent to commit a criminal offense therein: an indecent act in the presence of the female soldier sleeping, therein.

That specification as amended is AFFIRMED.  The remaining findings of guilty are AFFIRMED.  Reassessing the sentence on the basis of the errors noted and the

principles of *Winckelmann*, the sentence is AFFIRMED.  All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by this decision, are ordered restored.

FOR THE COURT:

ANTHONY O. POTTINGER
Chief Deputy Clerk of Court